WENDELL ANDREAS

*v.*

HATTIE ANDREAS.

[Submitted February 10th, 1915. Decided February 15th, 1915.]

1. It is a well-settled rule in this state that where a husband transfers either real or personal property to his wife, it will be presumed that the conveyance and transfer were intended to be by way of voluntary settlement upon her. This, however, is but a rebuttable presumption, and the deed having once been made and delivered by which title is vested in her, the burden of proof is on him to establish a different result.

2. Where there is conflicting evidence as to a husband's object in making the conveyance of lands to his wife, the ordinary presumption that it is intended for a provision or settlement for her benefit is not rebutted. Therefore, if on a balancing of the testimony, it should be found that the husband has not met the burden of proof, his application to the court must fail.

3. The proceeding must be judged by what took place at the time of the execution and the delivery of the deed, and not by circumstances which occurred afterwards.

4. A resulting trust is one that arises by implication of law as where a man pays the purchase price of lands and has the deed made in the name of a stranger; there a trust results in favor of the real purchaser, or where a conveyance is made in trust and the trusts are never declared, or fail to take effect, there, and in that case, a resulting trust arises likewise by implication of law.

5. In a suit by a husband against his wife to establish a resulting trust in lands by him transferred to her, if it appear that the transfer was made so as to obtain a reduction of taxes, he must fail in his suit, because the transaction is void as against public policy, and the court will not aid in the enforcement of any contract which has for its object such a purpose.

On final hearing.

*Mr. Arthur F. Egner,* for the complainant.

*Mr. William H. Carey* and *Mr. Edmunds Putney* (of the New York bar), for the defendant.

HOWELL, V. C.

This suit is brought by a husband against his wife to compel her to convey to him a tract of land in Bergen county, which was purchased by him originally in November, 1889, and before the marriage between him and the defendant. On March 19th, 1911, by deed bearing date on that day, and acknowledged on April 13th, 1911, the portion of the plot in question was conveyed by the husband alone to James A. VanValen, and by him and his wife conveyed to the defendant. The premises in dispute extend along the public highway. The original tract was assessed to the husband as owner. He says that in order to reduce the valuation for taxation purposes he set apart the portion of it lying along the public highway and had the same conveyed to his wife in order that the whole tract might be assessed thereafter in two plots instead of one, hoping thereby to effect a reduction in the total ratable value of the whole tract. It is clear that the husband had some conversation with the tax assessor as to the manner in which and the amount for which the land should be

assessed. The year before the conveyance was made to the wife he succeeded in having the frontage assessed in the name of the wife, although she did not then own it, separately from the remainder of the tract which was assessed in his name. He at that time did not deem it necessary to make a deed, but, after some conversation with the assessor, it was thought advisable that the land along the highway should be conveyed to the wife, and this was done by the deeds above mentioned. At the time of the conveyance there was no special agreement, either oral or written, by which the wife was bound to hold the title as trustee for the husband, nor was there any agreement on her part to reconvey the same to him. His allegation is, that in pursuance of an "understanding" to that effect, and without any intention of settlement of the property upon his wife, he proceeded to have the deeds in question prepared and executed, and he now files his bill to impress upon the said lands a resulting trust, upon the theory that he having paid the original purchase price for the land, and having conveyed the same to his wife without consideration, a trust results in his favor which it is the duty of this court to recognize and enforce. It is the well-settled rule in this state that where a husband transfers either real or personal property to his wife, it will be presumed that the conveyance and transfer were intended to be by way of voluntary settlement upon her. This, however, is a rebuttable presumption, and the deed having once been made and delivered, by which title is vested in her, the burden of proof is on him to establish a different result. And it may be said at this point that where there is conflicting evidence as to a husband's object in making a conveyance of lands to his wife, the ordinary presumption that it is intended as a provision or settlement for her benefit is not rebutted. *Linker* v. *Linker, 32 N. J. Eq. 174.* Therefore, if, on a balancing of the testimony, it should be found that the husband has not met the burden of proof, his application to the court must fail. The proceeding must be judged by what took place at the time of the execution and delivery of the deeds, and not by circumstances which occurred afterwards. At this point the evidence of the husband and wife are diametrically opposed. The husband alleges that his only idea was to save the expendi-

ture of a large sum of money for taxes; that he and his wife had discussed the matter, and that it was agreed between them that the course which was subsequently taken should be adopted. The wife says in relation to that transaction:

"He brought a deed home and said, 'See what I have done for you to-day;' and I looked at it and I said, 'What is VanValen's name doing on my deed?' and he said 'Well, in Jersey it is not legal for a man to deed property directly to his wife, so I had to do it through a third person so there would never be any trouble about it;' and he said, 'Now you look it over and take care of it; you have got me just as much tied up as I have always had Ackerman: you own the eleven best acres of the farm.' "

And she likewise says that on one or two other occasions in conversations between them the land in dispute was referred to by him as her property. I do not see how a resulting trust can arise out of these circumstances. A resulting trust is entirely inconsistent with the evidence in the case. A resulting trust is one that arises by implication of law as where a man pays the purchase price of lands and has the deed made in the name of a stranger; there a trust results in favor of the real purchaser, or where a conveyance is made in trust, and trusts are never declared, or fail to take effect, there and in that case a resulting trust arises likewise by implication of law. But I do not find in this case any circumstances which can lead to such a result, even taking account of the evidence of the complainant only and leaving out of view the evidence of the defendant. On the one hand, is the deed, properly executed, with due observance of all the forms thrown about such instruments to prevent fraud or imposition; on the other hand, is the husband alleging that he did not mean to convey the property to his wife irrevocably, with not a scrap of writing to satisfy the somewhat meagre requirements of the statute of frauds.

The situation has been illustrated in this state by a long line of cases, only two or three of which shall be cited. To go no further back than 1882 we find the point much discussed in the case of *Lister* v. *Lister, 35 N. J. Eq. 49; affirmed, on appeal,* in *37 N. J. Eq. 331; Le Gendre* v. *Goodridge, 46 N. J. Eq. 419; Fretz* v. *Roth,* in the court of errors and appeals, *70 N. J. Eq.*

*764;* and in the very recent case of *Down* v. *Down, 80 N. J. Eq. 68,* where Vice-Chancellor Leaming has collected and commented on all the important cases on the subject in this state.

In my opinion, therefore, the conveyances must stand as valid instruments, and are unassailable on the part of the husband on the grounds laid in the bill.

The defendant claims also that even though the decision might be against her on the point of a resulting trust, still the complainant has acted in such a manner toward the subject-matter of the suit as to preclude him from having any relief. He testifies that the deeds were made in order to divide the large plot into two tracts so as to obtain a reduction of taxes. If this is true, or if we consider his allegations alone in relation to it, he must fail in his suit because of the principle laid down in the case of *Slocum* v. *Wooley, 43 N. J. Eq. 451.* There the complainant conveyed lands to his father-in-law who died possessed of the same, in order that the father-in-law might oppose the opening of a street through the lands. This he afterwards did successfully, and there was in evidence his parol promise to reconvey the land to the complainant. That transaction was held to be void as against public policy, upon the ground that the court will not aid in enforcement of any contract which has for its object the defeat of a public enterprise; and that the complainant could not recover the lands from the heirs-at-law of the deceased grantee. The case seems to be directly in point.

I will, therefore, advise a decree dismissing the complainant's bill.